Law Offices of W. Kirk Moore
W. Kirk Moore, Esq. SBN 244764
586 N. First St. #202
San Jose, CA 95112
Telephone: (408)998-1846
Email: wkmoore@bayareabk.com

Attorney for Lui

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                                ) Case No.:12-55239
                                      )
Beatrice Lui,                         ) Chapter 13
                                      )
   **Debtor**.                        ) Assigned to: Hon. Stephen L. Johnson
                                      )
                                      ) **REPLY BRIEF**
                                      )

**ARGUMENT**

**A.  The Debtor Does Not Need To Assert A Homestead Exemption In Order To Avoid The Creditor's Lien.**

The whole issue in this litigation is whether the Creditor can now attack the Debtor's homestead exemption based on fraud. The Debtor's motion to avoid the judicial lien used as its basis for avoiding the Creditor's lien, the Debtor's right to claim a homestead exemption in the amount of $100,000.00 under C.C.P §704, as is standard practice in these types of motions.

However, it must be noted that the Debtor actually claimed section §703 exemptions on her schedule C. The Debtor can just as easily achieve the avoidance of the Creditor's lien under 11 U.S.C section §522(f)(1)(A) using section §703 exemptions as section §704 exemptions. Pursuant to 11 U.S.C. section §522(f)(1)(A), "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs *an exemption* to which the debtor would have been entitled under subsection (b) of this section . . ." Under this code section, the Debtor does not have to assert a homestead exemption in order to avoid a judicial lien, she must just show that the lien impairs an exemption to which she would have been entitled. By simply switching out the homestead exemption with what is commonly referred to as the "wildcard exemption" that the Debtor used on her Schedule C, the Debtor can show that the Creditor's lien impairs that exemption and it may be avoided. Further, many courts have held that the debtor is not required to list his property as exempt in order to avoid a judicial lien that is impairing that exemption. *Botkin v. DuPont Community Credit Union*, 650 F.3d 396 (4th Cir. 2011). Thus a claimed exemption is not required, but simply must be available for the debtor to claim. *Id*.

In this scenario, the Debtor can claim either the wildcard exemption or the homestead exemption since they are both available to her. For judicial efficiency the court should first decide the value of the real property thus determining whether the Debtor ever needs to claim the homestead exemption. The value may be low enough to avoid the lien only using the wildcard exemption, and thus exception to the homestead argument would be moot. However, if the judicial lien is unavoidable when using the wildcard exemption then the court could at that time make the determination on the exception to homestead argument.

Because the Debtor need not assert the actual Homestead exemption of section §704.703 to avoid the judicial lien of debtor, the Creditor's arguments that the Debtor is not entitled to a homestead exemption based upon a fraud exception to the exemption is moot. As such, the

Court should first find the value of the real property to determine if Debtor even needs to claim homestead exemption.

### i. Because Miyasaki Did Not Object To The Debtor's Exemption's Claimed On Her Schedule C, Miyasaki Is Prohibited From Litigating The Validity Of The Exemption Now.

Miyasaki repeatedly argues that the California Supreme Court case of *Kemp v. Enemark* and its progeny are controlling on the issue of the Debtor's ability to avoid the creditor's judicial lien. *Kemp v. Enemark*, 194 Cal. 748, 230 P. 441 – 1924.

The *Kemp* case and the cases that follow it hold that the creditor need not establish fraud in the procurement of the money until the debtor seeks to assert the homestead exemption. *See Kemp v. Enemark,* 194 Cal. 748, 230 P. 441 – 1924. *See also McDougall v, O'Hara* (1954) 129 Cal. App. 2d 12. Miyasaki argues that she is not barred by the theories of election of remedies, res judicata*,* or collateral estoppel, from arguing fraud now in her attempt to attack the Debtor's homestead exemption because according to the above cases, she needn't assert fraud until the Debtor asserts her homestead exemption.

As is shown above, the Debtor need not assert a homestead exemption in order to avoid the Creditor's judicial lien. The Debtor need only show that the judicial lien impairs an exemption to which she is otherwise entitled. This can easily be done with either a written or oral amendment of the motion to avoid lien. Because Miyasaki failed to object to the debtor's exemptions on her Schedule C, she is barred from doing so now.

Section 522(l) of the Bankruptcy Code requires that a debtor to file a list of the property that the debtor claims as statutorily exempt. Federal Rule of Bankruptcy Procedure 4003 gives creditors and the bankruptcy trustee 30 days to object to those claimed exemptions. When the Debtor in this case filed her list of exempt property, she utilized California's 703 exemption code. Under Rule 4003, Miyasaki needed to object to this exemption within 30 days from the

3

date that the meeting of creditors is concluded in order to challenge the validity of the exemption.

Miyasaki never objected to the Debtor's exemption within the time frame allowed by Rule 4003 and is therefore precluded from doing so now. It matters not that the Creditor's theory is that the Debtor is not entitled to the homestead to begin with because of (unproven) fraud. The Debtor does not need to assert a homestead exemption to avoid the lien.

In the current case, the Debtor contends she never defrauded the creditor in any way and therefore is entitled to the homestead exemption. However, because Miyasaki failed to object to the Debtor's exemption within the 30 day period proscribed by Rule 4003, the Debtor needn't even make the argument that she is entitled to the homestead. Under section 522(f)(1)(A), the Debtor is entitled to remove the Creditor's judicial lien because it impairs her exemptions under C.C.P§ 703.

Under Rule 4003 the Creditor is precluded from challenging the validity of the Debtor's exemption and the Court should grant the Debtor's motion to avoid the judicial lien of the Creditor.

**B.     Under Owen v. Owen, California's Limitation On The Homestead Exemption Does Not Apply In Bankruptcy And The Creditor's Lien May Be Avoided.**

Alternatively, the Debtor will still prevail on her motion to avoid the judicial lien of the Creditor even if she continues to assert the homestead exemption in order to remove the lien. The holding in *Owen v. Owen* applies specifically to the issue in the current litigation despite the protestations from the creditor that it does not. In *Owen,* the U.S. Supreme Court classified the issue concerning pre-existing liens and the Florida homestead exemption in this manner, "[p]re-existing liens, then, are in effect an exception to the Florida homestead exemption."

4

*Owen v. Owen*, 500 U.S. 305, 307 (1991). The current creditor's argument before this Court is that under California Law, a lien obtained by a creditor against a defendant's homestead where the homestead was obtained or improved by the fraudulent actions of the defendant, is valid against the homestead as an *exception* to the California homestead exemption. Both the issue in *Owen* and the issue in the current litigation concern whether or not a State's limitation of the homestead exemption applies in bankruptcy.

The Court in *Owen* found that, "Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision." *Id.* at 314. It follows than that California's exclusion of certain liens from the scope of its homestead protection, lien's that are allowed to be enforced based on certain conduct of the Debtor, also do not achieve a similar exclusion under the Bankruptcy Code. *Id.*

Because the issues in the *Owen's* case so clearly align with the issues in the current litigation, the Court should find that under *Owen,* California's limitation on the homestead exemption does not apply in bankruptcy and the Creditor's lien may be avoided.

**C.     The Stoner Exception Has Been Overruled By Owen v. Owen, And If It Hasn't, It Is A Fact Specific Holding That Takes It Outside Of The Current Controversy.**

The creditor Miyasaki argues that the *Stoner* exception to the California homestead exemption is controlling and not fact specific. *Stoner v. Walsh* (1972) 24 Cal. App. 3d, 938. Miyasaki is wrong on both points. It must be noted that the *Stoner* case was decided prior to the *Owen* case, and the U.S. Supreme Court's latter decision in *Owen* is clearly controlling. Based on *Owen* and the argument above*,* the California exception to the homestead exemption is not similarly excluded in bankruptcy. Thus, the analysis in *Stoner* is irrelevant.

Case: 12-55239    Doc# 57    Filed: 06/07/13    Entered: 06/07/13 19:06:11    Page 5 of 7

However, if the Court finds that the *Stoner* case may still apply, the facts of *Stoner* bring the case outside the issue being litigated at present. Although Miyasaki argues that the *Stoner* decision is not fact determinative, it clearly is. In *Stoner* the court repeatedly refers to the fraudulent conduct of the debtor and often calls the debtor by his first name, Joe. In addition, the court based its decision on the reasoning that, "[a] homestead may, however, be successfully attacked by a creditor where money fraudulently obtained from him is invested in and constitutes part of the homestead. Under such circumstances, the right of the creditor so defrauded becomes paramount to that of the owner of the homestead, *depending upon the facts of the case*, and the property so homesteaded is not exempt from execution or sale. Here, *it is apparent from the facts* both that the creditor's money went into the homestead property and that the creditor had been defrauded." *Id*. at 942-943 (emphasis added).

The court in *Stoner* found, based upon the facts of *that* case, that the debtor had engaged in clear fraud. The facts in the current case do not point to fraud but the conclusion that the debtor had an honest desire to repay the loan but no financial ability to do so.

Finally, in the *Stoner* case, the underlying debt of the creditor was excepted from discharge based upon its fraudulent nature. That is not true in the current case before the court. Because the *Stoner* decision was overruled by *Owen v. Owen,* and was so fact specific, it should not be applied to the current litigation and the Court should avoid Miyasaki's lien on the Debtor's property.

**D.     The Creditor's Assertion That The Debtor's Theory Of The Transaction Is Barred By Res Judicata Only Strengthens The Debtor's Initial Arguments That The Current Controversy Is Precluded By the Doctrines Of Res Judicata, Collateral Estoppel and Election of Remedies.**

6

Case: 12-55239    Doc# 57    Filed: 06/07/13    Entered: 06/07/13 19:06:11    Page 6 of 7

In her opposition to the Debtor's motion to avoid the judicial lien of the Creditor, the Creditor argues that because Lui's claimed factual scenario was actually litigated in the state proceedings, she cannot relitigate it in the bankruptcy proceedings under principles of res judicata. *Stewart v.U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (res judicata bars relitigation of claims actually litigated in prior proceeding). This argument only strengthens the Debtor's initial arguments that the Creditor is barred by Res Judicata, Collateral Estoppel and the Election of Remedies doctrine from attacking the Debtor's homestead based on fraud. If the Creditor believes that the Debtor is barred from re-litigating her claims in the current bankruptcy proceedings than it is only logical that the Creditor is similarly barred.

Because the Creditor contends that the Debtor is barred from re-litigating her state claims in these bankruptcy proceedings, that contention is equivalent to an admission that the Creditor is similarly barred. Based on this, the Court should find that the Creditor's judicial lien may be avoided.

**CONCLUSION**

For all the reasons stated above, the Debtor respectfully requests that the Court find that the Creditor's objection to the motion to avoid the judicial lien be overruled, that the exception to the homestead exemption does not apply in the current case, and that the Debtor's motion to avoid the judicial lien of Creditor be granted. In addition the Debtor further requests reasonable attorney fees be awarded to the Debtor for the responses regarding Creditor's objection to said motion.

Dated this June 7, 2013

/s/W. Kirk Moore
W. Kirk Moore, Esq.